# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNTIED STATES OF AMERICA,** ) | **CASE NO.  5:07CR00275** |
| ) | |
| **Plaintiff,** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **v.** ) | |
| ) | |
| **ROGER DREW MOORE,** ) | |
| ) | **ORDER** |
| **Defendant.** ) | |
| ) | |

This instant matter is before the Court on Defendant Roger Drew Moore's ("Moore") Emergency Motion, in which he urges the Court (1) to produce a free sentencing transcript, and (2) to appoint counsel to assist Moore in filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255.  (Dkt. # 45.)  Also before the Court, is Moore's Motion to Recharacterize his Emergency Motion as a § 2255 petition for habeas corpus.  (Dkt. # 46.)  For the following reasons, Moore's Motions are GRANTED in part and DENIED in part.

## I. PROCEDURAL HISTORY

On June 26, 2007, Moore entered a plea of guilty to the Indictment, which alleges that Moore, "did knowingly travel in interstate commerce . . . for the purpose of engaging in illicit sexual conduct, as defined in [18 U.S.C. § 2423(f)], with . . . a fourteen-(14)-year-old girl."  (Dkt. # 7.)  On January 25, 2008, the Court sentenced Moore to prison for a period of fifty-five months.  (Dkt. # 38.)

1

On October 22, 2008, Moore filed an Emergency Motion, in which Moore urges the Court (1) to produce a free sentencing transcript and (2) to appoint counsel. (Dkt. # 45.) On November, 21, 2008, Moore filed a Motion to Recharacterize his Emergency Motion as a § 2255 habeas petition. (Dkt. # 46.)

## II. LAW AND ANALYSIS

Moore moves the Court (1) to produce a free sentencing transcript; (2) to appoint counsel to assist Moore in filing a § 2255 petition for writ of habeas corpus; and (3) to recharacterize his Emergency Motion (Dkt. # 45) as a § 2255 petition.

For the reasons that follow, the Court (1) DENIES Moore's Motion to Produce a Free Sentencing Transcript (Dkt. # 45), (2) DENIES Moore's Motion for Court-Appointed Counsel (Dkt. # 45), and (3) GRANTS Moore's Motion to Recharacterize "Emergency Motion" as a § 2255 Petition for Habeas Corpus (Dkt. # 46).

### A. Motion to Produce a Free Sentencing Transcript

First, Moore moves the Court to produce a free sentencing transcript to enable him to develop his § 2255 petition. (Dkt. # 45.) 28 U.S.C. § 753 governs the waiver of fees for transcripts in this context. According to § 753, a petitioner proceeding in forma pauperis under § 2255, may obtain a sentencing transcript if, upon motion, the Court determines that (1) petitioner's claims are not frivolous, and (2) the sentencing transcript

is needed to decide the issues to be raised in the § 2255 petition.[1] *See* 28 U.S.C. § 753(f) (2006); *U.S. v. Malccollom*, 426 U.S. 317 (1976) (holding that the stated preconditions—"non-frivolous" and "necessary"—do not offend due process).

As a preliminary matter, to enable Moore to request a transcript under § 753, the Court must permit him to proceed in forma pauperis. Moore has submitted an Affidavit in Support of Petition to Proceed In Forma Pauperis. (Dkt. # 45, Ex. 1.) 28 U.S.C. § 1915 governs petitions to proceed in forma pauperis. Section 1915 states, in relevant part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs of give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

28 U.S.C. § 1915(a) (2006).

In the instant matter, the Court has received and reviewed Moore's Affidavit in Support of Petition to Proceed In Forma Pauperis. (Dkt. # 45, Ex. 1.) There is no fee required to file a § 2255 habeas petition. Thus, Moore's ability to proceed in forma pauperis is relevant only as a precondition to his request for a free sentencing transcript under 28 U.S.C. § 753.

---

[1] Section 753 provides,
> Fees for transcripts furnished in proceedings brought under section 2255 of this title [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose *if the trial judge or a circuit judge certifies that the suit or appeal[] is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.*

28 U.S.C. § 753(f) (2006) (emphasis added).

As to the substance of Moore's request for a free transcript under § 753, the Court finds (1) that Moore has failed to demonstrate that his claims are not frivolous, and (2) that it is not apparent that the transcript is needed to decide the issues to be presented in Moore's § 2255 petition. Moore vaguely alleges violations of his Sixth Amendment right to the effective assistance of counsel. Moore claims that the transcript is "relevant to several of the points of error that will be raised in [Moore's] . . . habeas petition." (Dkt. # 45, ¶ 18.)  Moore also asserts that, during his sentencing hearing, "the government made untruthful remarks about [Moore's] prior conduct and behavior," and that these remarks "ultimately influenced the [C]ourt to impose a sentence at the higher end of the guideline range." (Dkt. 45, ¶ 21.) These allegations are insufficient; they do not demonstrate to the Court that Moore's claims are not frivolous or that the transcript is needed. *See Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008) ("Conclusory allegations in support of a request for free transcripts [under § 753] do not satisfy these requirements[—i.e., "non-frivolous" and "necessary"]."); *U.S. v. Alcorn*, 10 Fed. Appx. 248, 248–49 (6th Cir. 2001) (affirming denial of petitioner's motion for transcripts because a petitioner "simply does not have a right to a transcript at government expense under 28 U.S.C. § 753(f) in order to search the transcript for yet unasserted grounds in a [§ 2255] motion to vacate . . . ."). Thus, Moore's Motion to produce a free sentencing transcript is denied.

It is worth noting the split among courts as to whether a court can supply an indigent prisoner with a free transcript, pursuant to § 753(f), if that prisoner has not yet filed a § 2255 habeas petition. *See U.S. v. Chambers*, 788 F. Supp. 334 (E.D. Mich.

4

1992) (comparing the "Losing position" cases: *U.S. v. Losing*, 601 F.2d 351 (8th Cir. 1979); *Skinner v. U.S.*, 434 F.2d 1036 (5th Cir. 1970); *U.S. v. Stevens*, 224 F.2d 866 (3d Cir. 1955); *U.S. v. Fabian*, 758 F. Supp. 804 (D. R.I. 1991); *U.S. v. McKnight*, No. 84-303-2 1988 U.S. Dist. LEXIS 11491 (E.D. Pa. 1988); with the "Shoaf position" cases: *U.S. v. Shoaf*, 341 F.2d 832 (4th Cir. 1964); *U.S. v. Glass*, 317 F.2d 200 (4th Cir. 1963)). The court in *Chambers* identified the split and characterized the two positions as the "Losing position" and the "Shoaf position." 788 U.S. 344, 335–36. The "Losing position" requires an indigent prisoner to first file his § 2255 motion before the court will entertain whether the prisoner is entitled to a free transcript under § 753(f). Under this position, "the decision whether to grant the request for a free transcript is to be made according to the factual allegations contained in the § 2255 motion itself." *Id.* at 336. On the other hand, the "Shoaf position" permits a court to consider an indigent prisoner's motion for free transcripts before that prisoner files a § 2255 motion. The court in *Chambers* also noted that it "[did] not feel bound by Sixth Circuit [p]recedent on this issue" because "[i]t is unclear whether the Sixth Circuit favors the Losing or Shoaf position." *Id.* at 336.

In the instant matter, the Court need not decide which position to endorse and apply because Moore has filed a Motion to Recharacterize (Dkt. # 46) his pending Emergency Motion (Dkt. # 45) as a § 2255 habeas corpus petition. And, in accordance with section C of this Order, the Court grants Moore's Motion to Recharacterize (Dkt. # 46). Moore, therefore, has effectively filed a § 2255 petition, which enables the Court—

under either the "Losing position" or the "Shoaf position"—to reach the merits of Moore's request for a free sentencing transcript under § 753.

In sum, because the Court determines that Moore has failed to demonstrate, pursuant to § 753(f), that his claim is not frivolous, and because it is not apparent that the sentencing transcript is needed to decide the issues to be presented in Moore's § 2255 petition, the Court denies Moore's Motion to produce a free sentencing transcript. (Dkt. # 45.)

### B. Motion for Court-Appointed Counsel

Third, Moore moves the Court to appoint counsel to assist him with "perfecting all the claims and grounds to be presented and prosecuted in an exhaustive § 2255 petition." (Dkt. # 45, ¶ 17.) "There is no constitutional right to counsel in habeas proceedings." *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991)). However, Moore urges the Court to exercise its statutory authority, under 28 U.S.C § 1915 and 18 U.S.C. § 3006A, to provide him with a court-appointed attorney. Section 1915 enables the Court to request an attorney to represent any person unable to afford counsel. 28 U.S.C § 1915(e)(1) (2006). Section 3006A provides, "Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 . . . ." 18 U.S.C. § 3006A(a)(2)(b) (2006).

Since January 25, 2008, the date on which the Court sentenced Moore to a fifty-five month term-of-imprisonment, Moore has filed six separate motions. (Dkt. # 40, 42, 43, 44, 45, 46.) Moore has showed himself to be an educated man, capable of pursuing

6

his claims. Therefore, the Court determines that the interests of justice do not require the appointment of counsel. Moore's request for court-appointed counsel is denied.

### C. Motion to Recharacterize

Fourth, Moore moves the Court to recharacterize his Emergency Motion (Dkt. # 45) as a petition for writ of habeas corpus, pursuant to § 2255. (Dkt. # 46.) In addition, Moore requests that his Motion to Recharacterize (Dkt. # 46) be considered, under Federal Rule of Procedure 15, as an amendment to his recharacterized § 2255 petition.

A district court must be careful when recharacterizing a pro se post-conviction filing as a § 2255 petition. *See e.g.*, *In re: Shelton*, 295 F.3d 620, 621–22 (6th Cir. 2002). The danger lies with the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which precludes a prisoner from filing a "second or successive" § 2255 motion unless said motion contains (1) "newly discovered evidence," or (2) "a new rule of constitutional law . . . that was previously unavailable." 28 U.S.C. §§ 2255(h), 2244(a) (2006). Thus, if a district court elects to recharacterize a pro se post-conviction filing as a § 2255 petition and denies it, AEDPA may bar that pro se prisoner from filing a subsequent § 2255 motion.

In *In re: Shelton*, the Sixth Circuit adopted the approach of the Second Circuit and held that,

> District Courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of

7

>the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

295 F.3d 620, 622 (citing *Adams v. U.S.*, 155 F.3d 582, 584 (2d. Cir. 1998)).  In the instant matter, Moore has filed a Motion to Recharacterize his Emergency Motion as a § 2255 habeas petition.  (Dkt. # 46.)  In said Motion, Moore cites *In re: Shelton* in support of his recharacterization request.  It appears, therefore, that Moore has agreed to the recharacterization with knowledge of the potential adverse consequences.  Moreover, based on the nature of the relief sought in Moore's Emergency Motion, it is appropriate to consider that Motion as made under § 2255.

Thus, the Court shall recharacterize, in accordance with Moore's request, Moore's Emergency Motion (Dkt. # 45) as a § 2255 habeas petition.  The Court will treat Moore's Motion to Recharacterize (Dkt. # 46), also in accordance with Moore's request, as an amendment to his habeas petition, pursuant to Federal Rule of Civil Procedure 15.  Moreover, the Court will permit Moore to file an additional amendment to his § 2255 habeas petition, which will allow Moore to further develop his claims using the sentencing transcript if he chooses to obtain said transcript through the ordinary mechanisms available to the public.

Because the Court is recharacterizing Moore's Emergency Motion as a § 2255 petition, Moore has now met AEDPA's one-year statute of limitations, which was set to expire on January 25, 2009.  *See* 28 U.S.C. § 2255(f) (2006).  Further, Moore shall have until March 25, 2009, to file an amendment to his habeas petition, utilizing the sentencing

transcript. The Court will not rule upon Moore's § 2255 petition until it receives Moore's amendment or until March 25, 2009, whichever comes first.

Finally, should Moore reconsider his request to have the Court recharacterize his Emergency Motion as a § 2255 habeas petition, Moore shall be permitted to withdraw that motion, in accordance with *In re Shelton*.

### III. CONCLUSION

For the forgoing reasons, Moore's Motions (Dkt. # 45, 46) are **GRANTED in part** and **Denied in part**. The Court hereby (1) **DENIES** Moore's Motion to Produce a Free Sentencing Transcript (Dkt. # 45), and (2) **DENIES** Moore's Motion for Court-Appointed Counsel (Dkt. # 45).

Furthermore, the Court hereby (3) **GRANTS** Moore's Motion to Recharacterize "Emergency Motion" as a § 2255 Petition for Habeas Corpus (Dkt. # 46). Thus, Moore has effectively met AEDPA's one-year statute of limitations. Moore's "Emergency Motion" (Dkt. # 45) shall remain pending as a § 2255 petition. Moore's Motion to Recharacterize (Dkt. # 46) shall also remain pending as an amendment to Moore's § 2255 petition. And Moore shall have until March 25, 2009, to file an additional amendment to his § 2255 habeas petition.

**IT IS SO ORDERED.**

>  **/s/ Peter C. Economus – December 4, 2008**
>  **PETER C. ECONOMUS**
>  **UNITED STATES DISTRICT JUDGE**